IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BERTHA L. FISHER                                                           PLAINTIFF

          v.                          Civil No. 08-5015

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Bertha Fisher, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.    Procedural Background:

The plaintiff filed her applications for DIB on January 24, 2006, alleging an amended onset date of November 22, 1996,[1] due to depression, anxiety, fibromyalgia disorder, pancreatitis, diabetes, migraines, and chronic fatigue syndrome ("CFS"). (Tr. 16, 51-54, 73, 76, 118). Her applications were initially denied and that denial was upheld upon reconsideration. An administrative hearing was held on August 31, 2006. (Tr. 16-23, 384-428). Plaintiff was present and represented by counsel.

---

[1] Plaintiff initially alleged an onset date of December 1993. However, the Agency previously issued an unfavorable decision for plaintiff on November 21, 1996. (Tr. 16, 387-388). Because res judicata precluded consideration of evidence prior to November 21, 1996, plaintiff amended her onset date to November 22, 1996.

AO72A
(Rev. 8/82)

At this time, plaintiff was 61 years of age and possessed a high school education and two years of college course work. (Tr. 22, 389-390). She had past relevant work ("PRW") as a waitress, veterinary technician, and a certified nursing assistant ("CNA"). (Tr. 66, 74, 92-95, 128, 136, 391-394).

On September 28, 2006, the Administrative Law Judge ("ALJ") concluded that plaintiff's impairments were severe but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 18-19). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently and sit, stand, and walk for 6 hours out of an 8-hour workday. Due to her fatigue, the ALJ also concluded that she should never climb scaffolds, ladders, or ropes and could only occasionally climb, stoop, bend, twist, crouch, crawl kneel, and balance. Non-exertionally, she found that plaintiff could not perform complex jobs and must work jobs where the contact with the public is superficial and incidental to the work performed, requires simple instructions and little judgment, the tasks are learned and performed by rote with few variables, and the supervision required is simple, direct, and concrete. (Tr. 20). With the assistance of a vocational expert, the ALJ then concluded that plaintiff could perform work as a housekeeper, small products assembler, and machine tender. (Tr. 23).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on November 13, 2007. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 6, 7).

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3

**A.     The Evaluation Process**:

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.  *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require his to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

4

**III.    Discussion:**

Of particular concern to the undersigned is the fact that plaintiff suffered from both chronic fatigue syndrome and fibromyalgia during the relevant time period, yet there is no RFC assessment to establish plaintiff's ability to perform work-related activities. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

CFS is recognized by the SSA as a disease which, while not specifically addressed in the listings, may produce symptoms which "significantly impair [a] claimant's ability to perform even sedentary work. . . ." *See Schaffer v. Apfel*, 922 F. Supp. 233, 237 (W.D.N.Y. 1997). According to the Program Operations Manual System ("POMS"), as well as the Social Security Rulings, the adjudicator is required to carefully consider the plaintiff's subjective complaints when making findings about the credibility of the individual's allegations regarding functional

5

limitations or restrictions. *See* Program Operations Manual System ("POMS") § DI 24515.075, *at* https://secure.ssa.gov. The adjudicator should also ask the treating or other medical source(s) to provide information about the extent and duration of an individual's impairment(s), including observations and opinions about how well the individual is able to function, the effects of any treatment, including side effects, and how long the impairment(s) is expected to limit the individual's ability to function. Opinions from the plaintiff's treating doctor(s), "concerning the effects of CFS on the individual's ability to function in a sustained manner in performing work activities or in performing activities of daily living are important in enabling adjudicators to draw conclusions about the severity of the impairment(s) and the individual's RFC. In this regard, any information a medical source is able to provide contrasting the individual's impairment(s) and functional capacities since the alleged onset of CFS with the individual's status prior to the onset of CFS will be helpful in evaluating the individual's impairment(s) and its functional consequences." *Id*.

Fibromyalgia is a condition that causes pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The disease is chronic, and "[d]iagnosis is usually made [only] after eliminating other conditions." *Brosnahan v. Barnhart*, 336 F.3d 671, 672 n.1 (8th Cir. 2003). The principal symptoms are "pain all over," trauma, anxiety fatigue, disturbed sleep, stiffness, irritable bowel symptoms, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body that when pressed firmly cause

6

the patient who really has fibromyalgia to flinch.  *See* THE MERCK MANUAL 1369-1371 (16th ed. 1992).

The Eighth Circuit has held, in the context of a fibromyalgia case, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity.  *Brosnahan*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998).

As previously stated, the record does not contain an RFC assessment indicating plaintiff's exertional and non-exertional abilities during the relevant time period.  The medical evidence indicates that plaintiff was suffering from both CFS and fibromyalgia during the relevant time period.  It is also clear that the ALJ did not abide by the POMS requirements that he/she make certain inquiries to plaintiff's treating doctor.  As such, we believe that remand is necessary to allow the ALJ to do so.  The ALJ is directed to address interrogatories to plaintiff's treating physician(s), asking them to review plaintiff's medical records during the relevant time period; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question.  *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**IV.   Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have ten days from receipt of our report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of March 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE